NEW DEPARTURE BELL CO. v. CORBIN et al.

(Circuit Court, D. Connecticut.   June 23, 1898.)

No. 891.

1. PATENTS—INVENTION—SPECIAL EQUITIES.
   The fact that, from the previous relations and conduct of the parties, there are special equities in favor of complainant (as where an employé, after making an invention and assigning it to his employer, leaves the employment, enters that of another, and procures a new patent to avoid the former one), is not to be considered in determining the question of patentable invention, since the public interest demands that the true facts shall be known as against the original patent.

2. SAME—LIMITATION OF CLAIMS.
   When, on the face of the specifications and claims, and through the file wrapper and correspondence with the patent office, the inventor has stated that he confines himself to the specific form shown, and when, furthermore, the prior art shows that on any other theory the patent must be void for lack of novelty, the patentee will not be permitted to extend the scope of his claims.

3. SAME—BELLS FOR CARS.
   The Rockwell patent, No. 517,395, for improvements in bells, construed, and held not infringed.

This was a suit in equity by the New Departure Bell Company against P. & F. Corbin and E. D. Rockwell for alleged infringement of letters patent No. 517,395, issued March 27, 1894, to E. D. Rockwell, for improvements in bells.

Newell & Jennings, for complainant.
Mitchell, Bartlett & Brownell, for defendants.

TOWNSEND, District Judge.   This case presents the common features of a complainant claiming as assignee under a patent to one of its employés, of the employé entering the service of another company, and getting up a new patent to avoid the former one, and the defenses of lack of patentable novelty and noninfringement in view of the relations of the parties and the prior art.   It is strenuously argued in these cases, and seems to be assumed by counsel, that, inasmuch as the equities are against such defenses, the patent is entitled to a favorable consideration upon the question of validity against them.   I do not so understand the law.   It may be true that, upon the naked question of infringement, these considerations are relevant in suggesting a favorable consideration to the patent; but as was said by Mr. Justice Shiras, in Haughey v. Lee, 151 U. S. 285, 14 Sup. Ct. 332, "the defense of want of patentable invention in a patent operates not merely to exonerate the defendant, but to relieve the public from an asserted monopoly." In such cases the public interest demands that the true facts shall be shown as against the original patent, which has been secured by the patentee from the patent office, upon representations that it covers a valuable invention.

This patent is limited in terms to a certain form of gong or bell for cars.   Every element of the patented combination was old, and it is difficult to understand upon what theory the patent office granted it. The only theory which receives any support is that advanced by the

defendant, namely, that the inventor claimed the specific construction shown, with all the self-imposed limitations of his claim as to details, and secured a patent on the ground that the adaptation of well-known constructions to specific purposes of a car bell involved some slight exercise of inventive skill. In the familiar statement of the well-settled law by Mr. Justice Brown in Potts v. Creager, 155 U. S. 608, 15 Sup. Ct. 194, is found the reason for such narrow patents, namely, that it might require as much exercise of inventive ingenuity to adapt a construction found in one branch of the art to the varied requirements of another branch of the art as to originally invent or devise a new construction. But when, as in this case, upon the face of the specification and claims, and through the file wrapper and correspondence with the patent office, the inventor has stated that he confines himself to the specific form shown, and when, furthermore, the prior art shows that upon any other theory the patent must be void for lack of patentable novelty, the patentee will not be permitted to extend the scope of his claim.

Although the patent is for a bell for cars, no car bells were ever made under it, and the complainant now seeks to enjoin the defendants from using a similar construction for a bicycle bell. The bell itself is precisely the same in construction as the one which the court of appeals held to be void for want of patentable novelty, in New Departure Bell Co. v. Bevin Bros. Mfg. Co., 19 C. C. A. 534, 73 Fed. 469, except that in that case the bell was provided with a thumb piece, while in this case the patent covers a projecting cog wheel. That these parts are interchangeable or equivalent is shown in patent No. 500,951, applied for by the patentee of the patent in suit within one week after he filed his application for said patent, and by the history of said patents in the patent office, and by a great number of prior patents. Furthermore, the single claim of the patent in suit contains a mistake, which renders the meaning of the claim unintelligible except by alteration. Let the bill be dismissed.